# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHARLES E. CASEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. 2:22-cv-02468 |
| ) | |
| R. T. CARLOCK CO., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Charles E. Casey, by and through counsel, files this Complaint against Defendant R. T. Carlock Company ("R. T. Carlock" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff overtime wages during the period three years before the filing of this complaint, July 20, 2019 through July 20, 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Western District of Tennessee pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Charles Casey is a resident of Tennessee in this judicial district and division.

4. Defendant R. T. Carlock is a Tennessee corporation with its principal office address on file with the Tennessee Secretary of State as 4806 S Mendenhall Road, Memphis, TN 3814.

5. Defendant's registered agent for service of process is Lee Pulley, 9040 Garden Arbor Dr., Ste 201, Germantown, TN 38138.

6. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

7. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

9. Defendant employed Plaintiff as an electrician.

10. At all times during his employment, Plaintiff was a non-exempt employee of Defendant.

11. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1).

12. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

**A. Plaintiff's Employment with Defendant.**

13. Defendant hired Plaintiff in approximately May 2018.

14. Plaintiff's employment with Defendant ended in approximately July 2021.

15. Plaintiff was employed as an electrician and his job duties included, but were not limited to, installing and repairing electrical wiring, systems, and fixtures in buildings; installing conduits and pipes to house electrical wires and cables; ensuring piping complies with electrical codes; and installing circuit breakers and other electrical hardware and connecting wiring to them.

16. In performing his job duties for Defendant, Plaintiff was often required to drive between different job sites during the workday.

**B. Plaintiff's Unpaid Overtime.**

17. Defendant paid Plaintiff an hourly rate for all hours worked on a job site in a given work week.

18. Defendant paid Plaintiff an overtime rate of one and one half his normal rate of pay for any hours worked in excess of 40 hours on a job site in a given work week.

19. Defendant denied Plaintiff payment of any wage compensation for time spent traveling between job sites during the workday.

20. Under the Portal to Portal Act, "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 CFR § 785.38.

21. Defendant denied Plaintiff payment of overtime wage compensation required by the FLSA for those travel hours worked in excess of 40 hours per workweek.

22. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

23. Defendant willfully and/or deliberately failed to pay Plaintiff all of his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

24. Defendant maintained records of hours that Plaintiff worked on job

sites.

## COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS
### UNPAID WAGES

25. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

26. At all relevant times, Defendant was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

27. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

28. At all relevant times, Defendant was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

30. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

32. Plaintiff suffered damages due to Defendant's willful misconduct.

33. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 20, 2022.

**Hall & Lampros, LLP**

/s/ *Gordon Van Remmen*
Andrew Lampros
TN Bar #020167
Gordon Van Remmen
GA Bar #215512
Admitted to practice in the WDTN

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*